**GUST ROSENFELD P.L.C.**
One East Washington Street, Suite 1600
Phoenix, Arizona 85004
J.T. Shoaf – 025164
A. Daniel Coumides - 029933
jtshoaf@gustlaw.com
dcoumides@gustlaw.com
(602) 257-7422 Telephone
(602) 254-4878 Facsimile

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 2591028 Ontario Limited dba Focus Global, a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Vector Technology Systems, LLC dba Vector Technology Systems and Custom Glass and Synthetic Design, LLC, an Arizona limited liability company; Mark Cohn and Jane Doe Cohn, husband and wife; John Does 1-10; Jane Does 1-10; ABC Corporations 1-10; XYZ Partnerships 1-10,<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>(Breach of Contract; Breach of Duty of Good Faith and Fair Dealing; Negligent Misrepresentation; Fraud; Unjust Enrichment) |

Plaintiff 2591028 Ontario Limited dba Focus Global, for its Complaint against Defendants Vector Technology Systems, LLC dba Vector Technology Systems and Custom Class and Synthetic Design, LLC and Mark Cohn and Jane Doe Cohn, husband and wife, (referred to collectively as "Defendants"), alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff 2591028 Ontario Limited dba Focus Global (hereinafter "Focus Global") is a foreign corporation with a domestic address located in Ontario, Canada.

2.      Defendant Vector Technology Systems, LLC dba Vector Technology Systems and Custom Class and Synthetic Design, LLC (hereinafter "Vector Technology Systems") is a Chandler, Arizona limited liability company authorized to do business in the State of Arizona.

3.      Defendants Mark Cohn (hereinafter "Cohn") and Jane Doe Cohn, husband and wife, are residents of Maricopa County, Arizona.

4.      Each of the acts of Cohn alleged herein were for the benefit of Cohn and his marital community with Jane Doe Cohn.

5.      Defendants Joe Does 1-10, Jane Does 1-10, ABC Corporations 1-10, and XYZ Partnerships 1-10, are unknown persons or entities who may have liability in the matter and, when their true identities are learned, leave of court will be sought to amend the complaint.

6.      The acts, transactions and events hereinafter set forth occurred in Maricopa County, Arizona.

7.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

8.      Jurisdiction and venue are proper in this Court.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9.      On or about November 4, 2020, Focus Global and Defendants entered into Sales Order #113 (hereinafter the "Contract") for the purchase and sale of 100,000 3M N95 NIOSH Masks (hereinafter the "Goods").

10.     Defendants agreed to sell the goods to Focus Global at the rate of $3.10 per unit for the aggregate purchase price of $310,000.00.

11.     On or about November 5, 2020, Focus Global remitted a $45,000.00 deposit to Defendants.

12. On or about November 10, 2020, Defendants advised Focus Global that 25,000 units of the Goods were prepared for retrieval by Focus Global.

13. Focus Global remitted an additional $65,875.00 as payment for the 25,000 units of the Goods, but Defendants only provided 7,200 units of the Goods to Focus Global.

14. On or about November 24, 2020, Defendants advised Focus Global that the full quantity of the Goods, including the additional 75,000 units of the Goods, were in Defendants' possession and ready for retrieval by Focus Global.

15. Defendants submitted videos and images to Focus Global as "proof of life" demonstrating that Defendants held possession of the Goods in an effort to induce Focus Global to remit the remaining payment.

16. Based on Defendants' representations regarding the Goods, Focus Global remitted a payment to Defendant in the amount of $199,125.00, which was the remaining amount of the aggregate purchase price agreed to under the Contract.

17. Focus Global made arrangements for retrieval of the Goods that were documented to be in Defendants' possession.

18. When Focus Global's freight forwarder arrived for retrieval of the Goods, Defendants advised that the Goods were not ready or in Defendants' possession, which was contrary to Defendants' prior representations.

19. Defendants subsequently confirmed that they were not in possession of the Goods.

20. Despite demands from Focus Global, Defendants failed and refused to provide the Goods to Focus Global.

21. Defendants have also failed and refused to return the funds remitted to Defendants by Focus Global.

22. Defendants have caused damage to Focus Global including, but not limited to, actual, compensatory, general, incidental, special and consequential damages as well as lost profits.

## COUNT I
## BREACH OF CONTRACT
## (All Defendants)

23. Focus Global realleges and incorporates by reference all of the allegations above as though fully set forth herein.

24. Defendants, and each of them, entered into an express contract with Focus Global to sell the Goods.

25. Defendants, and each of them, breached their duties to Focus Global by failing to provide the Goods pursuant to the terms of the Contract.

26. As a direct and proximate result of Defendants' breaches of contract, Focus Global suffered damages including, but not limited to, actual, compensatory, general, special, incidental and consequential damages as well as lost profits in an amount to be proven at trial.

27. Defendants, and each of them, are liable for Focus Global's damages as well as for its attorneys' fees and costs pursuant to Rule 54(d), Fed. R. Civ. P., A.R.S. § 12-341, A.R.S. § 12-341.01, the Contract, and any other applicable legal or statutory bases.

## COUNT II
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
## (All Defendants)

28. Focus Global realleges and incorporates by reference all of the allegations above as though fully set forth herein.

29. Defendants, and each of them, entered into a contract with Focus Global.

30. Defendants, and each of them, owed a duty to Focus Global to act fairly and in good faith.

31. Defendants, and each of them, breached their duty to act fairly and in good faith.

32. Defendants induced Focus Global to perform and make payment for the Goods under the Contract by falsely representing that the Goods were in Defendants' possession and to be provided to Focus Global pursuant to the terms of the Contract.

33. Defendants impaired Focus Global's right to receive the benefits that it was entitled to receive under the Contract.

34. As a direct and proximate result of Defendants' breaches of the covenant of good faith and fair dealing, Focus Global suffered damages including, but not limited to, actual, compensatory, general, special, incidental and consequential damages as well as lost profits in an amount to be proven at trial.

35. Defendants, and each of them, are liable for Focus Global's damages as well as for its attorneys' fees and costs pursuant to Rule 54(d), Fed. R. Civ. P., A.R.S. § 12-341, A.R.S. § 12-341.01, the Contract, and any other applicable legal or statutory bases.

## COUNT III
## NEGLIGENT MISREPRESENTATION
## (All Defendants)

36. Focus Global realleges and incorporates by reference each of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

37. Defendants provided false and/or incorrect information in connection with the purchase and sale of the Goods including, but not limited to, false or incorrect information regarding Defendants' possession of the Goods and ability to provide the Goods to Focus Global.

38. Defendants intended that Focus Global rely on the information provided, provided it for that purpose, and sought to induce Focus Global to make payment for the Goods in reliance on this information.

39. Defendants failed to exercise reasonable care and/or competence in obtaining or communicating this information.

40. Focus Global relied on this information, and its reliance was justified.

41. As a direct and proximate result, Focus Global suffered damages including, but not limited to, actual, compensatory, general, special, incidental and consequential damages as well as lost profits in an amount to be proven at trial.

42. Defendants, and each of them, are liable for Focus Global's damages as well as for its attorneys' fees and costs pursuant to Rule 54(d), Fed. R. Civ. P., A.R.S. § 12-341, A.R.S. § 12-341.01, the Contract, and any other applicable legal or statutory bases.

## COUNT IV
## FRAUD
## (All Defendants)

43. Focus Global realleges and incorporates by reference each of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

44. Defendants made false representations to Focus Global including, but not limited to, the false representation that Defendants' were in possession of the Goods and able to provide the Goods to Focus Global.

45. The representations made by Defendants were material, and Defendants knew the representations were false.

46. Defendants intended that Focus Global would act upon the representation in a manner reasonably contemplated by Defendants.

47. Focus Global did not know that the representations were false and relied on the truth of the representations in making payment for the Goods and otherwise.

48. Focus Global's reliance on Defendants' representations was reasonable and justified under the circumstances.

49. As a direct and proximate result, Focus Global suffered damages including, but not limited to, actual, compensatory, general, special, incidental and consequential damages as well as lost profits in an amount to be proven at trial.

50. Defendants, and each of them, are liable for Focus Global's damages as well as for its attorneys' fees and costs pursuant to Rule 54(d), Fed. R. Civ. P., A.R.S. § 12-341, A.R.S. § 12-341.01, the Contract, and any other applicable legal or statutory bases.

## COUNT V
## UNJUST ENRICHMENT
## (All Defendants)

51. Focus Global realleges and incorporates by reference each of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

52. Defendants have benefitted from and been enriched by the amounts paid by Focus Global to Defendants for the Goods that Defendants failed to provide to Focus Global.

53. Focus Global has been impoverished and suffered financial harm.

54. Defendants' enrichment is connected to and derived from Focus Global's impoverishment.

55. As a direct and proximate result, Focus Global suffered damages including, but not limited to, actual, compensatory, general, incidental and consequential damages as well as lost profits in an amount to be proven at trial.

56. There is no justification for Defendants' enrichment and Focus Global's impoverishment.

57. To the extent there is no other remedy provided by law, Focus Global is entitled to recover its damages from Defendants under a theory of unjust enrichment.

58. Defendants, and each of them, are liable for Focus Global's damages as well as for its attorneys' fees and costs pursuant to Rule 54(d), Fed. R. Civ. P., A.R.S.

§ 12-341, A.R.S. § 12-341.01, the Contract, and any other applicable legal or statutory bases.

**WHEREFORE**, Plaintiff Focus Global prays for the following relief:

    A.    Damages against Defendants in an amount to be proven at trial including, but not limited to, actual, compensatory, general, special, incidental and consequential damages as well as lost profits;

    B.    Pre-judgment and post-judgment interest at the statutory rate;

    C.    Reasonable attorneys' fees and costs of litigation to Rule 54(d), Fed. R. Civ. P., A.R.S. § 12-341, A.R.S. § 12-341.01, the Contract, and any other applicable legal or statutory bases;

    D.    Focus Global be granted punitive damages against the defendants in an amount to be proven at trial; and

    E.    Focus Global be granted all other legal and equitable relief as this Court deems necessary and proper.

Dated: June 23, 2021.

                              **GUST ROSENFELD, P.L.C.**

                              By  */s/ J.T. Shoaf – 025164*
                                  J.T. Shoaf
                                  A. Daniel Coumides
                                  *Attorneys for Plaintiff*