**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 2591028 Ontario Limited,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Vector Technology Systems LLC, et al.,<br><br>　　　　　　Defendants. | No. CV-21-01090-PHX-SPL<br><br>**ORDER** |

Before the Court are Defendants' Motion to Set Aside Entry of Default (Doc. 21) and Plaintiff's Motion for Default Judgment (Doc. 23). Having considered the respective Motions and accompanying briefings and exhibits, for the reasons stated below, the Court grants Defendants' Motion to Set Aside Entry of Default and denies Plaintiff's Motion for Default Judgment as moot.

**I.      BACKGROUND**

On June 23, 2021, Plaintiff 2591028 Ontario Limited filed suit against Defendants Vector Technology Systems, LLC, Mark Cohn, and Jane Doe (Susan) Cohn alleging various counts related to a sales contract between the parties. (Doc. 1). Plaintiff served Defendants on July 1, 2021 and filed proof of service on July 19, 2021. (Docs. 15–17).

On July 29, 2021, with no further action having been taken in the case, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to prosecute no later than August 6, 2021, unless a responsive pleading was filed or it applied for entry of default before that date. (Doc. 18). Accordingly, on August 5, 2021, Plaintiff

filed an Application for Entry of Default (Doc. 19), and on August 6, 2021, the Clerk of Court entered default against Defendants (Doc. 20).

On August 20, 2021, Defendants filed their Motion to Set Aside Default. (Doc. 21.) On August 24, 2021, Plaintiff filed its Motion for Default Judgment. (Doc. 23.) In Plaintiff's Response opposing Defendants' Motion, Plaintiff alternatively requested that Defendants' Motion be granted only on the condition that Defendants pay the attorneys' fees and costs incurred by Plaintiff in pursuing default judgment. (Doc. 24).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(c) directs that "[t]he court may set aside an entry of default for good cause." In determining whether good cause exists, a court must consider: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotation marks and alterations omitted). If any one of the factors is true, the court has sufficient reason to refuse to set aside the default. *Id.* However, the court's discretion under Rule 55(c) is "especially broad," and the court should "resolve[ ] all doubt in favor of setting aside the entry of default and deciding the case on its merits." *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). This is because "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

## III.   DISCUSSION

### A.  Rule 55(c)

The Court finds that Defendants have demonstrated good cause such that the entry of default should be set aside.

///

///

     *i.*  *Culpable Conduct*

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Mesle*, 615 F.3d at 1092 (internal quotation marks and alteration omitted). Under the *Mesle* standard, a defendant "intentionally" fails to answer when he acts with bad faith, "such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulates the legal process." *Id.* (internal quotation marks omitted). The mere "conscious choice not to answer" does not make a defendant's conduct culpable. *Id.* Rather, the Ninth Circuit has "typically held that a defendant's conduct was culpable for the purposes of the good cause factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* (internal quotation marks and alteration omitted).

Plaintiff argues under that Defendants' conduct was culpable under the standard of *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, which held that a defendant's conduct is culpable if he "has received actual or constructive notice of the filing of the action and failed to answer," with no express requirement of intentionality. 375 F.3d 922 (9th Cir. 2004) (internal quotation marks omitted). However, in *Mesle*, the Ninth Circuit held that the *Franchise Holding II* standard does not apply to a defendant who "is not a lawyer" and is "unrepresented at the time of the default." 615 F.3d at 1093. The *Mesle* Court reasoned that "[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Id.*; *see also FOC Fin. Ltd. P'ship v. Nat'l City Com. Cap. Corp.*, 612 F. Supp. 2d 1080, 1083 (D. Ariz. 2009) ("*Franchise*, insofar as it creates a rule that would prevent a deserving party from setting aside default, is inconsistent with Ninth Circuit policy.").

Here, Defendants assert that after learning of Plaintiff's Complaint, they "began organizing their financial resources to be able to afford to retain an attorney but were unable to do so before the default was entered." (Doc. 21 at 3). Plaintiff argues that Defendants in

3

fact already had representation (Doc. 24 at 3), citing an email sent by Defendant Mark Cohn to Plaintiff's counsel on June 29, 2021 in which he stated, "We have extremely limited funds. That is why we did not retain an attorney to work with you. We did retain counsel to deal with the SGS claim." (Doc. 24-1 at 11). Rather than supporting Plaintiff's argument, the email bolsters Defendants' assertion that they did not have representation in the instant matter and that their efforts to obtain representation were hindered by financial difficulties.

The Court finds that *Mesle* provides the appropriate standard for culpable conduct in this case. The fact that Defendants had representation in a separate matter does not warrant an assumption that Defendants had "an understanding of the consequences of [their] actions" in the instant case such that intentionality can be assumed. *Mesle*, 615 F.3d at 1093. Thus, because Defendants' hardships in obtaining counsel provide a plausible explanation for their failure to respond that lacks any evidence of deviousness, willfulness, or bad faith, the Court finds that Defendants did not engage in culpable conduct that led to default.

*ii.    Meritorious Defenses*

For the meritorious defense factor, a defendant seeking to set aside a default judgment must merely "allege sufficient facts that, if true, would constitute a defense." *Id.* at 1094. This burden is "not extraordinarily heavy." *Id.* (internal quotation marks omitted). Here, Defendants assert three defenses: (1) Plaintiff's Complaint fails to state a claim against Defendant Mark Cohn "because it contains zero factual allegation tying him to any alleged wrongdoing;" (2) Plaintiff's Complaint "wrongly asserts claims against Mr. Cohn for breach of contract and breach of the implied covenant of good faith and fair dealing despite the fact that he, personally, was not party to any contract with Plaintiff;" and (3) the contract between Plaintiff and Defendant Vector Technology Systems contains an arbitration clause, and "as a result, this case is subject to compulsory arbitration under the Federal Arbitration Act." (Doc. 21 at 4). The Court finds these assertions sufficient to meet Defendants' minimal burden for this factor. *See Gold Star Res., LLC v. Balser*, No. CV-

14-02733-PHX-NVW, 2015 WL 5817644, at *3 (D. Ariz. Oct. 6, 2015) (holding a defendant who alleged the contracts at issue had no warranties giving rise to the plaintiff's claims against him met the meritorious defense factor); *Whitmore v. Universal Am. Mortg. Co. LLC*, No. CV-14-01299-PHX-DGC, 2014 WL 5431203, at *3 (D. Ariz. Oct. 27, 2014) (finding an allegation of an applicable arbitration agreement sufficient to meet the meritorious defense factor).

### iii. Prejudice to Plaintiff

For a plaintiff to be prejudiced under this factor, "the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001). Instead, "the standard is whether plaintiff's ability to pursue his claim will be hindered." *Id.* (internal quotation marks and alteration omitted). For delay to constitute prejudice, it must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quoting *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996)).

Here, Plaintiff argues that setting aside the entry of default would be prejudicial because "Defendants have caused a significant delay," and "[n]one of the time and efforts expended by Plaintiff" in pursuing default "would have been undertaken had Defendants timely responded." (Doc. 24 at 7). But Plaintiff does not argue that its ability to litigate the case on the merits has been hindered in any way. *See FOC Fin. Ltd. P'ship v. Nat'l City Com. Cap. Corp.*, 612 F. Supp. 2d 1080, 1083 (D. Ariz. 2009) (holding that "forcing the parties to file additional briefs" does not amount to prejudice). Thus, the Court finds that Plaintiff will not be prejudiced by setting aside the entry of default.

In sum, the Court finds that none of the factors that would negate good cause to set aside the entry of default are met. Accordingly, Defendants' Motion to Set Aside Default will be granted. As a result, Plaintiff's Motion for Default Judgment is moot.

///

**B. Attorneys' Fees and Costs**

The Court has discretion to condition the setting aside of a default on the payment of attorneys' fees and costs to rectify "any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation." *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988). Such conditions are appropriate "to promote the positive purposes of the default procedures without subjecting either litigant to their drastic consequences." *Id.* (internal quotations omitted); *see also Operating Eng'rs' Health & Welfare Tr. Fund for N. Cal. v. Vortex Marine Constr. Inc.*, No. 17-cv-03614, 2018 WL 1993392, at *4 (N.D. Cal. Apr. 27, 2018) ("Several cases have conditioned the setting aside of the entry of default on payment of attorney's fees, particularly when the court found that the defendant's behavior, while not culpable, was problematic.")

Plaintiff cites *Nilsson* in support of its request for attorneys' fees and costs. (Doc. 24 at 7). But in that case, the district court had lifted three entries of default against the defendants and imposed four orders for monetary sanctions against one of the defendants. *Nilsson*, 854 F.2d at 1541–42; *see also FarmaSea Health, LLC v. Me. Coast Sea Vegetables, Inc.*, No. 10-02609 HWG, 2012 WL 12869327, at *3 (D. Ariz. Sept. 7, 2012) (awarding attorneys' fees and costs for default proceedings when plaintiff "failed to comply with the Court's orders to retain counsel, prosecute the case, and respond to motions filed by the Defendant"). The Court finds that Defendants' actions in this case were not "sufficiently egregious" to warrant a sanction as a condition of setting aside the default. *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 675 (D. Haw. 2008). Despite their failure to timely respond to the complaint, Defendants have not shown any defiance of or disrespect for the Court. Rather, Defendants were struggling to obtain representation as default proceedings were occurring. (Doc. 21 at 3).

Moreover, Plaintiff voluntarily incurred at least some of the fees and costs by proceeding to file its Motion for Default Judgment four days after Defendants had already filed their Motion to Set Aside Default. *See E. & J. Gallo Winery v. Cantine Rallo, S.p.A.*,

430 F. Supp. 2d 1064 (E.D. Cal. 2005) (denying fees and costs incurred by plaintiff after plaintiff learned that defendant intended to litigate on the merits). As a result, Defendants incurred additional costs of their own in opposing the Motion for Default Judgment. *See Ni Pali Haweo Cmty. Ass'n*, 252 F.R.D. at 675 (denying fees and costs to plaintiff who "complicat[ed]" default proceedings, "caus[ing] both parties to incur unnecessary costs"). Accordingly, Plaintiff's request for attorneys' fees and costs will be denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Set Aside Entry of Default (Doc. 21) is **granted**, and Plaintiff's request for attorneys' fees and costs (Doc. 24) is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **vacate** the Entry of Default (Doc. 20).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 23) is **denied** as moot.

**IT IS FURTHER ORDERED** that Defendants shall have until **September 27, 2021** to respond to the complaint.

Dated this 13th day of September, 2021.

Honorable Steven P. Logan
United States District Judge